# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| STATE OF WASHINGTON, | No.  46572-8-II |
| Respondent, | |
| v. | UNPUBLISHED OPINION |
| ADAM C. BOUCK, | |
| Appellant. | |

BJORGEN, A.C.J. — A jury convicted Adam Bouck of second degree robbery.  Bouck appeals, claiming that the trial court infringed his rights to counsel and due process.  He contends that these rights were violated when the trial court did not allow his attorney to argue that the State's failure to ask a specific witness to identify Bouck in court as the robber created a reasonable doubt as to whether Bouck committed the robbery.  However, because the trial court allowed Bouck to argue that no witness identified him in court, we reject his claim and affirm his conviction.

## FACTS

In late November 2012, a male attempted to shoplift a number of items from a store in Longview.  A store clerk followed the man into the parking lot and an altercation ensued.  The man managed to escape from the scene with some of the items he took.  Extraction of

deoxyribonucleic acid (DNA) from a hat recovered at the scene led police to Bouck, and the State eventually charged him with second degree robbery.[1]

The day before trial, the prosecutor showed the store clerk two photos of Bouck. When Bouck's defense counsel learned of this, he moved in limine to prohibit the State from asking the store clerk to make an in-court identification of Bouck as the robber, arguing that showing the photos to the store clerk was impermissibly suggestive. When the parties addressed the motion in limine before trial, the prosecutor stated that she was "not conceding that there was anything wrong in the tactic" in showing the store clerk the photos, but that she had no plans to ask him "to identify the [d]efendant in court." 1 Verbatim Report of Proceedings (VRP) at 63.

At trial, the State presented testimony from the store clerk and another witness regarding the struggle in the parking lot, both of whom described the robber's physical appearance. A police detective testified that Bouck matched the description, and the police officer who responded to the robbery testified about collecting the dropped hat from the scene. A crime lab technician testified that Bouck was likely the major contributor to the DNA sample extracted from the hat. The lab technician also testified that the likelihood someone other than Bouck was the major contributor was "one in 27 quintillion."[2] which was a "pretty low probability." 2 VRP at 217.

Before closing arguments, the prosecutor moved to "prohibit [d]efense [c]ounsel from arguing the lack of evidence from the in-court identification of [the store clerk] since it was specifically asked in their motion in limine and the State agreed not to elicit such evidence." 2 VRP at 252. Bouck objected. The trial court stated, "I will not prohibit the [d]efense from

---

[1] RCW 9A.56.190, .210(1).

[2] 1 in 27,000,000,000,000,000,000,000,000,000. *See* VRP (May 21, 2014) at 217.

arguing that there's not an identification of the [d]efendant from someone at the scene." 2 VRP at 254. The State then clarified that it was not asking the trial court to forbid the argument that no one had identified Bouck as the robber, but only that the trial court forbid defense counsel from "specifically saying, 'The State never asked [the clerk] if he could identify the [d]efendant here in court.'" 2 VRP at 254. The trial court agreed to prevent this specific variant of argument, stating that "I think that's appropriate, that he was never asked; there's a reason he wasn't asked." 2 VRP at 255.

Defense counsel built his closing argument around a theme of "lack of evidence," and how that lack of evidence created reasonable doubt. 2 VRP at 287, 297. As part of his closing argument, defense counsel made the argument permitted by the trial court, stating, "There wasn't anything close to an in-court identification of Mr. Bouck." 2 VRP at 294.

The jury found Bouck guilty of second degree robbery, and he filed this appeal.

ANALYSIS

Bouck contends that the trial court infringed his rights to counsel and due process when his attorney was prevented from arguing that the State's failure to ask a specific witness, the store clerk, to identify Bouck as the robber in court created reasonable doubt as to whether he committed the robbery. The State contends that the trial court allowed Bouck to challenge the State's proof of his identity as the robber during closing argument and that no constitutional violation occurred. We agree with the State.

The trial court possesses "broad discretionary powers over the scope of counsel's closing arguments." *State v. Frost*, 160 Wn.2d 765, 771-72, 161 P.3d 361 (2007). However, the trial court's restrictions on the scope of defense counsel's argument may infringe two of the

defendant's constitutional rights. *Id.* at 772. The first is the right to counsel.[3] *Id.* at 772-73. The second is the right to due process,[4] specifically the right to be free from criminal conviction unless the State proves all of the elements of the alleged offense beyond a reasonable doubt. *Id.* at 773. A trial court infringes these rights where it "limits [closing] argument as to any fact necessary to constitute [the] charged offense," lessening the State's burden of proof.[5] *Id.* at 772-73. Such limitation occurs where the trial court prevents the defendant from arguing that the State failed to present sufficient evidence of an element of the criminal act. *Id.* at 777-79; *Conde v. Henry*, 198 F.3d 734, 739 (9th Cir. 1999).

We review de novo whether a trial court's restrictions on closing argument violate the defendant's constitutional rights. *See State v. MacDonald*, 183 Wn.2d 1, 8, 346 P.3d 748, *as corrected*, (Apr. 13, 2015). Any constitutional violation would constitute an abuse of the trial court's discretionary powers over the scope of closing argument. *See State v. Strizheus*, 163 Wn. App. 820, 829, 262 P.3d 100 (2011).

Here, Bouck wanted to argue that none of the State's witnesses identified him as the robber in court, creating reasonable doubt about an element of the State's case, namely that he

---

[3] The Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the assistance of counsel for his defense." Article I, section 22 of the Washington State Constitution provides that "[i]n criminal prosecutions the accused shall have the right to appear and defend in person, or by counsel." Bouck does not argue that these provisions offer different protections in the context of his case.

[4] The Fourteenth Amendment to the United States Constitution provides that "[n]o state shall . . . deprive any person of life, liberty, or property, without due process of law." Article I, section 3 of the Washington State Constitution provides that "[n]o person shall be deprived of life, liberty, or property, without due process of law." Bouck does not contend that these two provisions offer different protections in the context of his case.

[5] The trial court may also infringe these rights in other ways, such as when it completely forbids closing argument. *E.g.*, *Herring v. New York*, 422 U.S. 853, 95 S. Ct. 2550, 45 L. Ed. 2d 593 (1975).

was the robber. The trial court allowed the argument, and Bouck made that argument to the jury. What the trial court forbad was a specific phrasing of the argument Bouck wanted to make–that the State's failure to ask for an in-court identification from the store clerk created reasonable doubt. Because the trial court allowed Bouck to challenge the State's proof of the robbery offense elements, its restrictions on the scope of closing argument did not infringe Bouck's rights to counsel or due process. *See Frost*, 160 Wn.2d at 772-73. Accordingly, we hold that the trial court's restriction on closing argument did not infringe Bouck's constitutional rights.

Given the lack of constitutional violation, any claim of error is necessarily a claim that the trial court abused its discretion with regard to closing argument. *See Frost*, 160 Wn.2d at 771. However, Bouck's motion in limine gave the trial court a basis for exercising its discretion in the way that it did and its decision was not unreasonable. The trial court did not abuse its discretion.

## CONCLUSION

The trial court's limitation on Bouck's closing argument did not infringe his constitutional rights. He was still able to make the argument that no witness had identified him in court, just not in the specific way he desired. Furthermore, the trial court did not abuse its discretion, since Bouck's motion in limine gave the trial court a reasonable basis for limiting his closing argument in the manner it did. We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

BJORGEN, A.C.J.

We concur:

MAXA, J.

LEE, J.